

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00020-CR

TROY MICHAEL WYATT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 29558

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Troy Michael Wyatt pled guilty to possessing one gram or more but less than four grams of methamphetamine, a third-degree felony. *See* Tex. Health & Safety Code Ann. § 481.115(c) (Supp.). Pursuant to a plea agreement with the State, the trial court placed Wyatt on community supervision for five years. Within that time frame, the State moved to revoke Wyatt's community supervision because he failed to comply with three required terms and conditions. After Wyatt pled true to the three allegations, the trial court revoked Wyatt's community supervision and sentenced him to four years' imprisonment. Wyatt appeals.

Wyatt's attorney has filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On May 24, 2024, counsel mailed to Wyatt copies of the brief, the motion to withdraw, and the appellate record. Wyatt was informed of his rights to review the record and file a pro se response, and on May 24, we informed Wyatt that his pro se brief was due on or before June 24.

2

By letter dated July 3, this Court further informed Wyatt that the case would be set for submission on July 24. We received neither a pro se response from Wyatt nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the judgment of the trial court.[1]

Jeff Rambin
Justice

Date Submitted:     July 24, 2024
Date Decided:       September 12, 2024

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, the appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.